UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRENDA DIXON,

      **Plaintiff,**

v.                                                          **Case No: 5:25-cv-421-WFJ-PRL**

EUGENE REED, III and SHELLY
BAKER,

      **Defendants.**

_____

## ORDER

Before the Court is Plaintiff's Motion for Temporary Injunction Protection Order ("Motion," Doc. 13). Plaintiff is an inmate in the Florida Department of Corrections ("FDOC") and is housed in Homestead Correctional Institution. She has a pending Complaint alleging she was sexually assaulted and subjected to excessive force by a correctional officer at Lowell Correctional Institution Annex. (Doc. 1). In her Motion, she seeks "a Temporary Injunction protection order from any employee, contractor, employed at the following institutions": Lowell Correctional Institution—Main Unit and Annex, Florida Women's Reception Center, and Regional Medical Center. (Doc. 13 at 1). Having reviewed Plaintiff's Motion and the record, the Court denies the Motion.

Injunctive relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction

is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001); see also Fed. R. Civ. P. 65(b).

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Mingkid v. U.S. Att'y Gen.,* 468 F.3d 763, 768 (11th Cir. 2006) (citation omitted). "The doctrine of mootness derives directly from the case-or-controversy limitation, because an action that is moot cannot be characterized as an active case or controversy." *Id.* (citation omitted). Accordingly, we may not entertain an appeal unless there is a present case or controversy, that is, "an actual dispute [that] continues to exist between the parties." *Bourgeois v. Peters,* 387 F.3d 1303, 1308 (11th Cir. 2004). On the other hand, "[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Mingkid,* 468 F.3d at 768 (citation, alteration, and internal quotations omitted).

The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief. *McKinnon,* 745 F.2d at 1363; *Zatler v. Wainwright,* 802 F.2d 397, 399 (11th Cir. 1986) (*per curiam*).[1] The reason for this rule is that injunctive relief is "a prospective remedy, intended to prevent future injuries," *Adler,* 112 F.3d at 1477, and, as a result, once the prisoner has

---

[1] A release from prison does not moot a claim for monetary damages, *McKinnon,* 745 F.2d at 1362, since a claim for monetary damages "looks back in time and is intended to redress a past injury." *Adler v. Duval County Sch. Bd.,* 112 F.3d 1475, 1477 (11th Cir. 1997).

2

been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained. *See, e.g., Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir.1985) (*per curiam*) (stating that a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief").

When Plaintiff was transferred to Homestead Correctional Institution, her claim for injunctive relief related to the three other listed institutions was rendered moot. Accordingly, Plaintiff's Motion (Doc. 13) is **DENIED** as moot.

**DONE** and **ORDERED** in Tampa, Florida on September 22, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**<u>Copies furnished to:</u>**
Pro Se Party
Counsel of Record